IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES FREEMAN,             )
                           )
           Petitioner,     )
                           )
     v.                    )   No. 15 C 4994
                           )
GUY PIERCE, Warden,        )
                           )
           Respondent.     )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Petitioner James Freeman's (Freeman) *pro se* petition for writ of habeas corpus (Petition) brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, the Petition is denied.

## BACKGROUND

In a jury trial in state court Freeman was convicted of first-degree murder and aggravated kidnapping and sentenced to 60 years of incarceration. Freeman filed an appeal, and the sentence and conviction were affirmed by the Illinois Appellate Court. Freeman filed a petition for leave to appeal (PLA) with the Illinois Supreme Court, and the PLA was denied on January 25, 2012. In July 2012, Freeman filed a post-conviction petition, which was dismissed. Freeman appealed the post-

conviction petition ruling, and the trial court's dismissal was affirmed. Freeman then filed a PLA on his post-conviction, which was denied on May 27, 2015. On June 3, 2015, Freeman filed the Petition in the instant action.

**LEGAL STANDARD**

An individual in custody pursuant to state court judgment may seek a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which provides the following:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The decision made by a state court is deemed to be contrary to clearly established federal law "'if the state court applies a rule different from the governing law set forth in [Supreme Court] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts.'" *Emerson v. Shaw*, 575 F.3d 680, 684 (7th Cir. 2009)(quoting *Bell v. Cone*, 535 U.S. 685, 694 (2002)). The decision by a state court is deemed to involve an unreasonable application of clearly established federal law "'if the state court correctly identifies the governing legal principle from [Supreme Court] decisions but unreasonably applies it to the facts of the particular case.'" *Emerson*, 575 F.3d at 684 (quoting *Bell*, 535 U.S. at 694).

## DISCUSSION

This court has liberally construed Freeman's *pro se* filings. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004)(stating that "[a]s [the plaintiff] was without counsel in the district court, his habeas petition [wa]s entitled to a liberal construction"); *Greer v. Board of Educ. of City of Chicago*, *Ill.*, 267 F.3d 723, 727 (7th Cir. 2001)(indicating that a court should "liberally construe the pleadings of individuals who proceed *pro se*"). Freeman asserts in the Petition: that he was denied his Sixth Amendment right to self-representation (Claim 1), that his trial counsel was ineffective for allegedly failing to investigate Freeman's claim that his confession was coerced (Claim 2), that Freeman's confession was coerced (Claim 3), that his trial counsel was ineffective for allegedly failing to impeach witnesses, for allegedly failing to present a meaningful defense, for allegedly persuading Freeman to testify, for allegedly eliciting damaging testimony, for allegedly failing to call character witnesses, and for allegedly failing to present mitigating evidence at sentencing (Claim 4). Freeman further asserts in the Petition: that the trial court erred in the post-conviction proceedings (Claim 5), that his trial counsel failed to file a timely appeal (Claim 6), that appellate counsel colluded with state prosecutors (Claim 7), that his trial counsel colluded with state prosecutors (Claim 8), that the trial court erred in denying his motion to suppress (Claim 9), and that his appellate counsel on direct appeal failed to raise meritorious issues (Claim 10). (DE 1: 4-5, 62-67).

I. Claim 1

Respondent argues that Claim 1 is barred by procedural default because the Illinois Appellate Court rejected the argument based on an independent and adequate state ground. *See Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014)(stating that on federal habeas review, a court "will not entertain questions of federal law in a habeas petition when the state procedural ground relied upon in the state court 'is independent of the federal question and adequate to support the judgment'")(quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). As indicated above, Freeman argues in Claim 1 that he was denied his Sixth Amendment right to self-representation. The record reflects that the Illinois Appellate Court found that Freeman forfeited his Sixth Amendment claim under Illinois procedural law by failing to include it in his post-trial motion. (11/18/11: OR: Par. 24-26). In addition, since the Illinois Appellate Court found that Freeman had failed to unequivocally invoke his right to self-representation, (11/18/11: OR: Par. 26-28), Claim 1 would be barred. 28 U.S.C. § 2254(d); *Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013)(explaining relitigation bar); *Long v. Butler*, 2015 WL 6500128, at *3 (7th Cir. 2015)(same). Therefore, Claim 1 is barred. The court also notes that even if Claim 1 was not barred, Claim 1 lacks any merit. The record clearly reflects that Freeman waived his right to self-representation by deciding to go forward with the representation of counsel after receiving admonitions by the court.

II.  Claim 2

Respondent argues that Claim 2 is barred pursuant to 28 U.S.C. § 2254(e)(1). Pursuant to 28 U.S.C. § 2254(e)(1), "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct" and "[t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* As indicated above, Freeman argues in Claim 2 that his trial counsel was ineffective for allegedly failing to investigate Freeman's claim that his confession was coerced. The Illinois Appellate Court found that his counsel did in fact investigate Freeman's claim that his confession was coerced, stating that "defendant's claim that his confession was coerced was not only investigated but presented." (6/30/15: OR: Par. 62).  Freeman has failed to present clear and convincing evidence to rebut that finding by the appellate court.  Therefore, Claim 2 is barred. The court also notes that even if Claim 2 was not barred, Claim 2 lacks any merit.

III.  Claims 3-4, and 6-10

Respondent argues that Claims 3-4 and 6-10 are procedurally defaulted and that there is no justification to excuse the default.

A.  Procedural Default

Respondent contends that Freeman failed to raise Claims 3-4, and 6-10

through one complete round of the state court appellate review process. A district court "cannot review a habeas petitioner's constitutional issue unless he has provided the state courts with an opportunity to resolve it 'by invoking one complete round of the state's established appellate review process.'" *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). If a habeas petitioner failed to "properly assert[] his federal claim at each level of state court review," the petitioner is deemed to have "procedurally defaulted that claim." *Malone v. Walls*, 538 F.3d 744, 753 (7th Cir. 2008)(quoting *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004)); *see also Johnson v. Hulett*, 574 F.3d 428, 431 (7th Cir. 2009)(stating that "[t]o obtain federal habeas review, a state prisoner must first submit his claims through one full round of state-court review," and that "[t]he penalty for failing to fully and fairly present [] arguments to the state court is procedural default"). A petitioner, in exhausting his state court remedies, has "'the duty to fairly present his federal claims to the state courts.'" *Malone*, 538 F.3d at 753 (stating that fair presentment includes "'the petitioner . . . assert[ing] his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings'")(quoting *Lewis*, 390 F.3d at 1025).

The record reflects that Freeman did not raise Claims 3-4, or 6-10 in his direct appeal. (R Ex. A). Nor did Freeman raise such claims in his direct appeal from the dismissal of his post-conviction petition. (R Ex. E). Therefore, Claims 3-4, and 6-10 are procedurally defaulted. The court also notes that even if Claims 3-4, and 6-10 were not procedurally defaulted, the claims lack any merit.

6

To the extent that Freeman now disagrees with certain trial strategies of his counsel, Freeman has not shown that his counsel's decisions were outside the scope of effective assistance of counsel. *See McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013)(stating that "[i]n evaluating an attorney's performance, courts must defer to any strategic decision the lawyer made that falls within the wide range of reasonable professional assistance, even if that strategy was ultimately unsuccessful")(internal quotations omitted)(quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)); *Wyatt v. United States*, 574 F.3d 455, 457-58 (7th Cir. 2009)(stating that a "movant must overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" and "[h]e must establish the specific acts or omissions of counsel that he believes constituted ineffective assistance").

### B. Justification to Excuse Default

Respondent also argues that there are no facts in this case that provide a justification to excuse the default of Claims 3-4, and 6-10. A procedurally defaulted claim can still be considered by a district court "if a petitioner can show cause and prejudice or a fundamental miscarriage of justice." *Coleman v. Hardy*, 628 F.3d 314, 318 (7th Cir. 2010); *see also Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010)(stating that "[a] federal court on collateral review will not entertain a procedurally defaulted constitutional claim unless the petitioner can establish cause and prejudice for the default or that the failure to consider the claim would result in a

fundamental miscarriage of justice"); *Holmes v. Hardy*, 608 F.3d 963, 968 (7th Cir. 2010)(stating that a "way to avoid procedural default is to show actual innocence, that is, to show that in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt")(internal quotations omitted)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010)(stating that "default could be excused if [the petitioner] can establish cause and prejudice, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice"). In the instant action, Freeman has not provided facts showing that he was prevented from properly presenting Claims 3-4, or 6-10 in the state system in order to avoid the procedural default. Freeman has not shown cause and prejudice. Nor has Freeman shown actual innocence or a fundamental miscarriage of justice that would excuse the procedural default.

IV. Claim 5

Respondent argues that Claim 5 is not a cognizable federal habeas claim because it does not have a federal constitutional basis. A state prisoner may obtain habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984)(stating that "[a] federal court may not issue the writ on the basis of a perceived error of state law"). The Seventh Circuit has made clear that

allegations that "the State may have failed to comply with its post-conviction procedures [does] not raise a cognizable federal habeas claim." *Resendez v. Smith*, 692 F.3d 623, 628 (7th Cir. 2012). Therefore, Claim 5 is not a cognizable claim. The court also notes that even if Claim 5 was not barred, Claim 5 lacks any merit.

V.  Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." *Id.* A district court should only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In the instant action, Freeman has not made a substantial showing of the denial of a constitutional right as to any claims presented in his Petition. Nor has Freeman shown that reasonable jurists could debate whether the Petition should have been resolved in a different manner or that the issues presented in the Petition deserve encouragement to proceed further. Therefore, should Freeman decide to appeal this court's ruling, this court finds that a certificate of appealability would not be warranted, and is denied.

## CONCLUSION

Based on the foregoing analysis, the Petition is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: January 19, 2016